# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN LARKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-CV-3063-WJE |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Susan Larkin seeks judicial review[1] of a final administrative decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 401 *et seq*. For the following reasons, the Court affirms the decision of the Commissioner.

### I. Background

Ms. Larkin filed a claim for DIB on June 24, 2015, alleging a disability onset date of March 21, 2015 due primarily to mood and sleep disorders. (AR 130, 241-42, 252). Ms. Larkin's claim was denied. (AR 146-50, 154-57). Subsequently, she sought and appeared at a hearing before an Administrative Law Judge (ALJ). (AR 88, 158). After the hearing ALJ Thomas Cheffins denied her claim in a written decision. (AR 8-18). Notably, the ALJ determined Ms. Larkin had no severe impairments and therefore was not disabled. (AR 13-18). The Appeals Council denied Ms. Larkin's request for review. (AR 1-7). Thus, the ALJ's decision stands as the final decision of the Commissioner.

Ms. Larkin subsequently filed a complaint in this Court seeking review of the Commissioner's decision. (Doc. 3). All parties consented to the undersigned's jurisdiction and fully briefed this matter. (Docs. 4, 9, 14). The Court held a hearing regarding Ms. Larkin's claim in Springfield, Missouri on October 18, 2019. (Doc. 17). The case is now ripe for disposition.

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001)*; Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The Social Security Administration has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R §§ 404.1520 & 416.920; *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 754–55.

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006). "Substantial evidence" is less than "a preponderance of the evidence," merely requiring that a reasonable person would find the evidence adequate to support the Commissioner's decision. *Id.*; *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

## IV. Discussion

Here, the substantial evidence confirms Ms. Larkin did not have severe impairments and was therefore not disabled. First, before the ALJ's hearing, Ms. Larkin told at least two physicians she was seeking treatment to essentially bolster her medical record for her disability claim. (AR 17, 751, 816); *see Julian v. Colvin*, 826 F.3d 1082, 1087–88 (8th Cir. 2016) (finding a claimant's complaints "were overstated and not entirely reliable" in part because she told her doctor she "sought treatment because she had to 'get all [her] ducks in a row' to apply for disability").

Second, Ms. Larkin's treatment history for PTSD, anxiety, and depression was relatively conservative and sporadic. Ms. Larkin did not seek or engage in consistent therapy treatment over a substantial time period. (AR 17, 106, 742-44); *Page v. Astrue*, 484 F.3d 1040, 1044 (8th Cir.

2007) (lack of treatment "may indicate the relative seriousness of a medical problem") (citation omitted); *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) (ALJ may consider lack of regular treatment when evaluating symptoms). When she did seek treatment, mental examinations often revealed relatively benign and normal findings. (AR 17, 643, 655-56, 660, 752, 766, 771). She was never hospitalized for mental symptoms and neither completed nor sought in-patient treatment. (AR 17, 106). Her only consistent treatment amounted to taking relatively low doses of prescription medication. (AR 17, 660, 671, 753). *See Turpin*, 750 F.3d at 993 (impairment controlled by medication or treatment cannot be considered disabling).

Third, the ALJ properly weighed all physician opinions in this case. Specifically, the ALJ properly discounted Javier Villanueva, Ph.D. and Mark Drogin, M.D., who each examined Ms. Larkin only one time. (AR 16-17, 642-45, 665-67, 671-72). Both doctors' opinions identified significant impairments that were inconsistent with other evidence in the record, including Ms. Larkin's relatively conservative and sporadic treatment history. (AR 16, 17, 126-27, 137-38, 643, 655-56, 660, 671, 752-53, 766, 771). By contrast, both state consultants were properly given great weight, as their opinions were consistent with substantial evidence in the record. (AR 16, 126-27, 137-38, 643, 655-56, 660, 671, 752-53, 766, 771, 782). The record included no treating physician, perhaps due to Ms. Larkin seeking treatment only intermittently.

Fourth and finally, rather than claiming disability, Ms. Larkin stated she was retired and unemployed by choice nearly a year after her alleged onset disability date. (AR 14, 731). When taken together, such evidence is substantial and supports the ALJ's decision to deny Ms. Larkin's claim.

## V. Conclusion

For the reasons as set forth herein, the Court finds the Commissioner's determination that Ms. Larkin was not disabled was supported by substantial evidence on the record as a whole. The decision of the Commissioner is therefore affirmed. Judgment shall be entered in favor of Defendant and against Plaintiff.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed as set forth herein.

Dated this 21st day of October, 2019, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge